**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Nicholas Brewer,
    Plaintiff

vs                            Case No. 1:03-cv-154-SAS-TSH
                                 (Spiegel, Sr. J.; Hogan, M. J.)

West Chester Township (Ohio), et. al.,
    Defendants

**REPORT & RECOMMENDATION**

This matter is before the Court on the motion for summary judgment filed by the West Chester Township defendants, (Doc. 15), and this Court's Show Cause Order. For the reasons set forth below, the Court recommends that this action be dismissed for failure to prosecute, or in the alternative, that defendants' summary judgment motion be granted.

Pro se plaintiff Brewer initiated this action with the filing of a complaint on March 4, 2003. (Doc. 1). Plaintiff's complaint set forth claims pursuant to 42 U.S.C. § 1983 against West Chester Township, the Township Trustees, and various Township officials, alleging a wrongful taking under the Fifth Amendment and the application of zoning laws against plaintiff's property ex post facto. These claims stem from the March 1999 decision of West Chester Township to demolish plaintiff's partially constructed single family dwelling on property located at 9850 Timbre Oak Trail in West Chester Township based on alleged zoning violations. Following the demolition, the Township sought to recover the cost of razing the house by filing a lien against the property on which the house had been situated. Defendants filed a motion to dismiss on April 11, 2003, arguing that plaintiff's claims were barred by the applicable statute of limitations. (Doc. 5). On December 10, 2003, this Court issued a Report & Recommendation that the motion to dismiss be granted in part and denied

in part. (Id.). The District Court adopted this Court's recommendation by order dated January 27, 2004. (Doc. 11). The Court's Order effectively dismissed defendants Traub, Carter, Gully and the West Chester Planning & Zoning Department. The only claim remaining is based on the alleged wrongful assessment for the costs of demolition, and the only defendants remaining are West Chester Township and the Township Trustees (the Township defendants). (Docs. 10, 11).

On December 21, 2004, the Township defendants filed a motion for summary judgment, arguing that plaintiff's remaining claim is likewise barred by the applicable statute of limitations, or in the alternative, should be dismissed based on issue preclusion. Plaintiff failed to respond to the motion within the time period set forth for filing a memorandum in opposition under this Court's Local Rules. *See* S. D. Ohio Civ. R. 7.2. Consequently, On April 7, 2005, this Court issued an Order directing plaintiff to show cause why defendants' summary judgment motion should not be granted. (Doc. 16). To date, pro se plaintiff Brewer has neither responded to this Court's Order nor filed a response to defendants' summary judgment motion.

The Federal Rules of Civil Procedure provide that:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). As noted above, plaintiff has failed to respond to defendants' properly supported summary judgment motion, or taken any other steps to prosecute this action. Plaintiff has likewise failed to respond to this Court's show cause order which specifically stated that he could not rest on the pleadings in opposition to defendants' motion, and warned plaintiff that failure to respond to the Court's order would result in a recommendation of dismissal. (Doc. 16). For these reasons, plaintiff's action should be dismissed for failure to prosecute and for failure to comply with the Court's Show Cause Order.

In the alternative, defendants' summary judgment motion should be granted. In response to a summary judgment motion properly supported by evidence, the non-

moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgement motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). Nor may plaintiff rest on the allegations set forth in his complaint. Rather, plaintiff must come forward at this stage of the litigation with affirmative evidence by way of affidavit or other supporting materials setting forth "specific facts showing there is a genuine issue for trial," to avoid entry of summary judgment against him. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Plaintiff's remaining claim against the Township defendants is barred by the doctrine of issue preclusion, having been previously litigated in state court. *See Boone v. Spurgess*, 385 F.3d 923, 927, n.4 (6th Cir. Oct. 4, 2004). Moreover, it appears the claim for wrongful collection of the demolition fees, insofar as the remaining defendants are concerned, is likewise barred by a two year statute of limitations. *See LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1994).

**IT IS THEREFORE RECOMMENDED** that this action be dismissed for failure to prosecute and for failure to comply with this Court's Show Cause Order, or in the alternative, that defendants' summary judgment motion be granted.

  s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

J:\LWW\Current Work Files\03-514 Brewer msj R&R.wpd

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Nicholas Brewer,
    Plaintiff

    vs                                  Case No. 1:03-cv-154-SAS-TSH
                                          (Spiegel, Sr. J.; Hogan, M. J.)

West Chester Township (Ohio), et. al.,
    Defendants

## NOTICE

      Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 4/28/2005. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).
      In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.