UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NICHOLAS BREWER, :
: NO. 1:03-CV-00154
    Plaintiff, :
:
: **OPINION & ORDER**
  v. :
:
:
WEST CHESTER TOWNSHIP (OHIO), :
et al., :
:
    Defendants.

    This matter is before the Court on the Report and Recommendation of the Magistrate Judge (doc. 17). Before the Magistrate Judge was the Motion for Summary Judgment filed by the West Chester Township Defendants (doc. 15) and this Court's Show Cause Order (doc. 17). The Magistrate Judge recommends that this action be dismissed for failure to prosecute, or in the alternative, that Defendants' summary judgment motion be granted (Id.).

    Pro se Plaintiff Nicholas Brewer initiated this action with the filing of a Complaint on March 4, 2003 (doc. 1). The Complaint set forth claims pursuant to 42 U.S.C. § 1983 against West Chester Township, the Township Trustees, and various Township officials, alleging a wrongful taking under the Fifth Amendment and the application of zoning laws against Plaintiff's property ex post facto (doc. 17). Defendants filed a Motion to Dismiss on April 11,

2003, arguing that Plaintiff's claims were barred by the applicable statute of limitations (doc. 5).  On December 10, 2003, the Magistrate Judge issued a Report and Recommendation that the Motion to Dismiss be granted in part and denied in part which this Court Adopted on January 27, 2004 (doc. 11).  The remaining Defendants were West Chester Township and the Township Trustees (hereinafter collectively "Township Defendants") (doc. 17).

On December 21, 2004, the Township Defendants filed a Motion for Summary Judgment, arguing again that Plaintiff's remaining claim was barred by the applicable statute of limitations, or in the alternative, that the remaining claim should be dismissed based on issue preclusion (Id.).  Plaintiff failed to respond to the Motion within the time period set forth for filing a memorandum in opposition under this Court's Local Rules (Id.).  As a result, this Court issued an April 7, 2005 Order directing Plaintiff to show cause why Defendants' Summary Judgment Motion should not be granted (doc. 16).  To date, the Plaintiff has neither responded to this Court's Order nor filed a response to Defendants' Motion for Summary Judgment (doc. 17).

Rule 41(b) of the Federal Rules states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not

>  provided for in this rule, other than a
> dismissal for lack of jurisdiction, for
> improper venue, or for failure to join a party
> under Rule 19, operates as an adjudication
> upon the merits.

Fed. R. Civ. P. 41(b).  The Magistrate Judge, therefore, recommends that since Plaintiff has failed to respond to Defendants' properly supported motion for summary judgment, or taken any other steps to prosecute this action, the matter should be dismissed for failure to prosecute (doc. 17).  Furthermore, the Magistrate Judge recommends that this matter should be dismissed because Plaintiff failed to comply with the Court's Show Cause Order, which specifically stated that Plaintiff could not rest on the pleadings in opposition to Defendants' Motion as well as warned Plaintiff that failure to respond would result in a recommendation of dismissal (Id.).

In the alternative, the Magistrate Judge recommends this matter be dismissed because in response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial (Id. citing Sixty Ivy Street Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987); Harris v. Adams, 873 F.2d 929, 931 (6th Cir. 1989)).  The Magistrate Judge aptly notes that "conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion" (Id. citing McDonald v.

Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990)). Plaintiff must come forward at this stage of the litigation with affirmative evidence by way of affidavit or other supporting materials setting forth "specific facts showing there is a genuine issue for trial" to avoid entry of summary judgment against him - he may not rest on the allegations set forth in his complaint (Id. citing Celotex Corp. v. Catrett, 477 U.S. 317, 322)).

Accordingly, as noted above the Magistrate Judge recommends that this action be dismissed for failure to prosecute and for failure to comply with this Court's Show Cause Order, or in the alternative, that Defendants' Summary Judgment Motion be Granted. The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff did not file any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b), the Court has reviewed the Report and Recommendation de novo.

The Court finds that the Magistrate Judge's Report and Recommendation is well-reasoned and thorough. Accordingly, the

Magistrate Judge's Report and Recommendation (doc. 17) is hereby ADOPTED IN ITS ENTIRETY.  The Township Defendants' Motion for Summary Judgment (doc. 15) is GRANTED.  This matter is hereby DISMISSED from the Court's docket WITH PREJUDICE.

    SO ORDERED.


Dated: June 21, 2005      /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge